Jina Lee (SBN 288002)
Jina.Lee@jacksonlewis.com
Cindy Pham (SBN 286893)
Cindy.Pham@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380

Attorneys for Specially Appearing Defendants
CORESIGHT RESEARCH, INC.; MAXWELL KAHN;
and DEBORAH WEINSWIG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GOLDBERG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CORESIGHT RESEARCH, INC., a Delaware corporation, MAXWELL KAHN, an individual, DEBORAH WEINSWIG, an individual, and DOES 1 to 20, inclusive,<br><br>Defendants. | **CASE NO.:  2:25-cv-00815**<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>[*Filed concurrently with Declarations of Maxwell Kahn, Deborah Weinswig, and Jina Lee; Civil Case Cover Sheet; Corporate Disclosure Statement; and Notice to Interested Parties*]<br><br>State Complaint Filed: December 12, 2024 |

1

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DANIEL GOLDBERG, AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT specially appearing Defendants CORESIGHT RESEARCH, INC. ("Coresight"); MAXWELL KAHN ("Kahn"); and DEBORAH WEINSWIG ("Weinswig") (collectively "Defendants") remove this action from the Superior Court of California, County of Los Angeles, to this Court on the grounds of diversity jurisdiction.28 U.S.C. Sections 1332, and 1441(a)-(b), and 1446.

## STATEMENT OF THE CASE

1.      On December 12, 2024, Plaintiff DANIEL GOLDBERG ("Plaintiff") filed a civil Complaint for Damages against Defendants Coresight, Maxwell Kahn, and Deborah Weinswig, and DOES 1 to 20, in the Superior Court of the State of California for the County of Los Angeles, entitled *Daniel Goldberg v. Coresight Research, Inc., et al.*, Case No. 24STCV32823.  In the action, Plaintiff asserts the following claims against Defendants: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to reasonably accommodate in violation of the FEHA; (3) failure to engage in the interactive process in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) failure to prevent discrimination or harassment in violation of the FEHA; (6) wrongful termination in violation of public policy; (7) failure to provide COBRA Notice; (8) breach of contract; (9) fraudulent misrepresentation; and (10) unfair business practices. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** to the Declaration of Jina Lee ("Lee Decl.") (hereinafter, "Complaint") at ¶ 3.

2.      On December 31, 2024, Defendants MAXWELL KAHN and DEBORAH WEINSWIG (collectively "Individual Defendants") received for the first time via mail a copy of the Summons, Complaint, and related court documents addressed to Coresight, Kahn, and Weinswig, at the Individual Defendants' residence in New York, New York. Declarations of Maxwell Kahn ("Kahn Decl.") ¶ 7. and Deborah Weinswig ("Weinswig

2

Decl.") ¶ 4. Attached as **Exhibit B** to the Kahn Decl. are true and correct copies of all documents received by the Individual Defendants at their residence on December 31, 2024. While the Individual Defendants received the mailing on December 31, 2024, Defendants contend that service was improper and reserve the right to challenge service after removal.  (Lee Decl. ¶¶ 4-5.)

3.      As of the date of this Notice of Removal, the attached **Exhibits A and B** constitute all of the pleadings received or filed by Defendants in this matter and no further proceedings have been had in the state court as of January 30, 2025. (Lee Decl., ¶ 3, Ex. A; Kahn Decl., ¶ 7, Ex. B; Weinswig Decl., ¶ 4.)

## DIVERSITY JURISDICTION

The District Court has diversity jurisdiction under 28 U.S.C. 1332(a) where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. As set forth below, both requirements are satisfied here. Therefore, this Court has subject matter jurisdiction over this case.[1]

## TIMELINESS OF REMOVAL

4.      Defendants Coresight, Kahn, and Weinswig first received the Complaint on December 31, 2025, when copies of the Complaint and Summons were delivered to Kahn and Weinswig's personal residence in New York, New York.  (Kahn Decl. ¶ 7, Ex. B; Weinswig Decl. ¶ 4, Ex. B.)

5.      Each defendant has thirty (30) days to remove after being brought into the case.  28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

---

[1] In addition to contending that service was improper, Defendants reserve the right to raise jurisdictional challenges, including but not limited to the fact that there is no personal jurisdiction over individual defendants Max Kahn and Deborah Weinswig because they live and work in New York.

6.    This Notice is timely as it has been filed within thirty (30) days after the Individual Defendants received a copy of Plaintiff's Summons and Complaint on December 31, 2024. *See* 28 U.S.C. section 1446(b).

## REMOVAL BASED ON DIVERSITY JURISDICTION

7.    The Court properly exercises diversity jurisdiction where the matter is between citizens of different States" and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. section 1332(a).

### A.    The Parties Are Diverse.

8.    Plaintiff and all Defendants, whether or not properly served, are diverse from one another.

9.    Diversity of citizenship is determined "as of the time the complaint is filed, and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of AmTracya*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted). Complete diversity exists when the plaintiff have different citizenship from each of the defendants. *GranCare, LLC v. Thrower*, 889 F.3d 543, 548, (9th Cir. 2018).

10.    Plaintiff alleges in his Complaint that he is, and was at all times relevant to this action, an individual residing in California. (Complaint, ¶ 4.) Plaintiff's address on file during his employment with Coresight reflects a Studio City, California address. (Kahn Decl. ¶ 6.) Thus, Plaintiff is a California citizen. The preponderance of evidence demonstrates that Plaintiff is domiciled in California and is a citizen of California for the purposes of diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996).

11.    For purposes of diversity jurisdiction, a corporation's citizenship is determined by both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12.    "The principal place of business [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friends*, 559, U.S. 77, 92-93 (2010).  In other

words, the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarter is the actual center of direction, control and coordination." *Id*. at 93.

13.     Coresight, although not properly served, is, and was at the time this action commenced, a Delaware corporation with its principal place of business in New York, New York. (Kahn Decl.  ¶¶ 4-5.) Coresight's headquarters are located in New York, New York, where its officers Weinswig and Kahn live and work.  (Kahn Decl. ¶¶ 2-5; Weinswig Decl. ¶¶2-3.)

14.     Kahn and Weinswig, although not properly served, are and were, at the timing of the filing of the Complaint in state court, and at the time of removal, residents and citizens of New York.  Kahn and Weinswig have resided together in New York, New York, since August 2014, and intends to remain as such.[2]  (Kahn Decl. ¶ 2; Weinswig Decl. ¶ 2.)

15.     The citizenship of Doe defendants has no bearing on the diversity of citizenship with respect to removal. *See* 28. U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

16.     As such, complete diversity of citizenship exists between Plaintiff and Defendants, whether or not properly served, within the meaning of 28 U.S.C. section 1332.

**B.     The Amount in Controversy Exceeds $75,000.**

17.     This action also meets the amount in controversy requirement.  Title 28 U.S.C. section 1332(a) authorizes removal based on diversity of citizenship if the amount-in-controversy requirement is met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." *See* 28 U.S.C. section 1332(a).

18.     The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought

---

[2] Defendants reserve the right to raise jurisdictional challenges, including the fact that there is no personal jurisdiction over individual defendants Max Kahn and Deborah Weinswig as they live and work in New York.

by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).

19.     In analyzing the amount in controversy, the court assesses and assumes the "maximum recovery" the plaintiff could reasonably recover. *Strojnik v. Hyatt Hotels Corp.*, No. CV-21-00741-PHX-DWL, 2022 U.S. Dist. LEXIS 29957, at *9 (D. Ariz. Feb. 18, 2022) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).) The Court must presume the plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

20.     The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (Attorney's fees may be taken into account to determine jurisdictional amount). Punitive damages may also be included in calculating

CASE NO.   2:25-cv-00815                           NOTICE OF REMOVAL OF ACTION
                                                                    TO FEDERAL COURT

the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

21.    Plaintiff seeks an award of economic damages, contractual damages, non-economic damages, injunctive relief, statutory penalties, attorney's fees, pre-judgment interest, costs of suit, and such further relief as the Court deems proper. (Complaint, pg. 18, "Prayer for Damages".)

### i. Amount in Controversy as to Lost Wages

22.    Economic damages, such as past and future lost wages, may be included in the amount in controversy.  *Kroske*, 432 F.3d at 980 (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *see also Hernandez v. Geodis Logistics, LLC*, No. 5:24-cv-00613-SSS-DTBx, 2024 U.S. Dist. LEXIS 165548, at *5-6 (C.D. Cal. Sept. 13, 2024) (considering past and future lost wages when deciding the amount in controversy).

23.    Courts in employment cases have found that one year from the date of removal is a conservative trial date estimate for calculating the plaintiff's lost earnings—primarily when the trial date is not yet set. *Reese v. Daikin Comfort Techs. Distrib., Inc.*, No. 2:24-cv-00050-AB-MAR, 2024 U.S. Dist. LEXIS 66612, at *11-12 (C.D. Cal. Apr. 10, 2024). Here, one year from the January 30, 2025 removal date would be January 30, 2026.

24.    Defendants have a reasonable and good faith believe that Plaintiff's prayer for lost wages and benefits alone exceeds $75,000.  Plaintiff alleges that he was employed by Coresight from September 1, 2022, through on or about March 5, 2024. (Complaint, ¶¶ 24, 45.)  As of his termination on March 5, 2024, Plaintiff alleges that he earned "an annual salary of $150,000 in addition to commissions, and equity options." (Complaint, ¶ 18; Kahn Decl., ¶ 6.) Given his salary, Plaintiff's claim for lost wages for ten (10) months of unemployment to date, not including his commissions and equity options, and with no indication that he has mitigated any damages, would be approximately $125,000 ($150,000/12 x 10). Assuming Plaintiff takes the matter to trial and trial is set for early

7

2026, Plaintiff's economic damages in the form of lost wages alone would exceed $275,000 ($150,000/12 x 22 months).

25.     Based on Plaintiff's own allegations, his wages to date are at least $125,000, and through trial will be approximately **$275,000**, which is well above this Court's minimum amount in controversy requirement.

## ii. Amount in Controversy as to Emotional Distress

26.     The amount in controversy also includes general and compensatory damages such as pain and suffering, mental anguish, and emotional distress. *See Wilfong v. Tharco Packaging*, No. CV 14-14583-R, 2014 U.S. Dist. LEXIS 200991, at *6-7 (C.D. Cal. Aug. 21, 2014) (considering plaintiff's emotional distress damages to calculate amount in controversy). To determine the amount of emotional distress damages Plaintiff has put into controversy, the Court should consider awards in factually similar or analogous cases. *See Kroske*, 432 F.3d at 980; *Mejia v. Parker Hannifin Corp.*, No. CV 17-8477-MWF (RAOx), 2018 U.S. Dist. LEXIS 13289, at *8 (C.D. Cal. Jan. 26, 2018).

27.     Here, Plaintiff seeks damages for "physical pain, humiliation, mental anguish, emotional and physical distress" in an unspecified amount.  (Complaint, ¶¶ 58, 69, 83, 93, 101, 110, 121.) Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

28.     The jurisdictional minimum for cases filed in California state courts of unlimited jurisdiction is $25,000.00. *See* California Code Civ. Proc. § 88. Thus, at a minimum, Plaintiff claims that his emotional distress damages exceed **$25,000.00**.

29.     In factually similar or analogous cases, courts have awarded plaintiffs emotional distress damages far exceeding the $75,000 threshold.  For example, in *Cheryl McElwain v. Kaiser Foundation Hospitals, et al.*, No. 30-2015-00768685-CU-WT-CJC (Orange County Superior Ct. December 21, 2016), plaintiff alleged that Kaiser terminated her employment due to their medical condition and requests for accommodation The jury found the defendant hospitals had failed to engage in the interactive process and failed to

accommodate the plaintiff. The jury awarded $100,000 for plaintiff's past pain and suffering.

30. Defendants expressly deny the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming Plaintiff will prevail on his FEHA claims for disability discrimination, failure to accommodate, and failure to prevent discrimination claims alone, the above similar cases show that Plaintiff may receive emotional damages in the amount up to $100,000, well exceeding **$75,000.00** jurisdictional threshold.

### iii. Amount in Controversy as to Punitive Damages

31. The amount in controversy also includes punitive damages when they are sought in the operative complaint. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Cuevas v. Lowes Home Ctrs., LLC*, No. 20-2755 PSG (KSx), 2020 U.S. Dist. LEXIS 206629, at *15 (C.D. Cal. Aug. 5, 2020); *Ochoa v. Costco Wholesale Corp.*, No. 2:22-cv-02287-KJM-AC, 2023 U.S. Dist. LEXIS 62321, at *6 (E.D. Cal. Apr. 7, 2023). Punitive damages are available under FEHA. *Commodore Home Sys., Inc. v. Superior Ct.*, 649 P.2d 912, 918 (Cal. 1982).

32. Here, Plaintiff seeks punitive damages, (Complaint, ¶¶ 59, 70, 84, 94, 102, and 111), alleging that Defendant "acted with oppression and malice, intending to injure Plaintiff." (*Id.*)

33. In factually similar or analogous cases, plaintiffs have been awarded punitive damages that well exceed the $75,000 jurisdictional threshold alone. For example, in *Kimberly Perry v. eGumball, Inc., et al.* No. 30-2013-00692868-CU-WT-CJC (Orange County Superior Ct. June 18, 2015), a jury awarded the plaintiff $400,000 in punitive damages after finding a verdict that the employer discriminated against plaintiff for her disability (pregnancy) and wrongfully terminated her employment in violation of public policy.

///

34. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum, particularly as Plaintiff requests punitive damages *against each* of the three Defendants. Based on similar or analogous cases, it is clear that Plaintiff could receive punitive damages that can amount to amounts well exceeding the **$75,000.00** jurisdictional threshold.

### iv. <u>Attorney's Fees and Costs</u>

35. The Ninth Circuit has held that "when a statute . . . provides for the recovery of attorneys' fees, prospective attorneys' fees *must* be included in the assessment of the amount in controversy." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) (emphasis added); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018) ("the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious"). Similar or analogous cases are sufficient to estimate the amount of reasonable attorneys' fees that a plaintiff may incur. *Torres v. Ford Motor Co.*, No. 5:24-cv-02016-FLA (SHKx), 2024 U.S. Dist. LEXIS 226484, at *6 (C.D. Cal. Dec. 13, 2024).

36. Here, Plaintiff seeks attorneys' fees and costs. (Compl. at p. 18, "Prayer for Damages," ¶ 6.) Defendants' counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. Defendants' lead attorney, Jina Lee, has practiced employment litigation for over 12 years in California and is familiar with fees awarded to plaintiffs' attorneys in similar actions filed in California and federal court. (Declaration of Jina Lee ("Lee Decl.") ¶ 6.) Based on Ms. Lee's experience and Plaintiff's allegations, Defendants conservatively estimate that it will take at least 200 hours each for Plaintiff's two attorneys of record to litigate this case through trial, assuming trial begins one year from the date of this removal. (Lee Decl. ¶ 6; *see also*

CASE NO.    2:25-cv-00815                    NOTICE OF REMOVAL OF ACTION
                                                        TO FEDERAL COURT

Complaint at 1 (listing Plaintiff's two attorneys as Angel J. Horacek and Iryll Robbins-Umel).)

37.     Moreover, Defendants conservatively estimate that the average hourly billing rate for a case like this would be $750 for a partner, $400 for a senior associate, and $300 for a junior associate.  (Lee Decl. ¶ 7.) Defendants further estimate that an associate's work on a case like this amounts to at least 65% of the total billable hours, with the remaining 35% of billable hours spent by the partner(s).  (*Id.*)

38.     Thus, assuming Plaintiff's counsel is entitled to attorneys' fees and assuming that 65% of the work will be completed by a junior associate, Ms. Lee reasonably and conservatively estimates that counsel would spend at least **$183,000** in fees.  ([Junior Associate: $300 per hour x 260 hours (65% of total billable hours) = $78,000] + [Partner: $750 per hour x 140 hours (35% of total billable hours) = $105,000]). (*Id.*)

39.     This amount of attorneys' fees is consistent to similar or analogous cases where the plaintiff's counsel was awarded attorneys' fees.  For example, in *Rogers v. Aeronautical Radio, Inc.*, No. 7999446 (Alameda Superior Ct. Mar. 7, 2000), the plaintiff's counsel was awarded $369,187 in a FEHA case involving race discrimination and failure to prevent such discrimination. The plaintiff, who was African American, was subjected to pervasive racial jokes and statements by other employees. When she complained about the conduct, the defendant further harassed her, retaliated against her, and failed to take any corrective action.  The jury returned a verdict in favor of the plaintiff, finding the defendant violated FEHA.

40.     Here, if Plaintiff prevails on her FEHA claims and is awarded attorneys' fees, for the same reasons discussed above in Section B, the above similar or analogous case demonstrates that Plaintiff could be entitled to attorneys' fees of **$350,000** or more, again, well exceeding the $75,000 jurisdictional threshold.

41.     Accordingly, Plaintiff's demand for lost earnings damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" far exceeds the $75,000 jurisdictional threshold.

CASE NO.   2:25-cv-00815                                   NOTICE OF REMOVAL OF ACTION
                                                            TO FEDERAL COURT

42.    For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VENUE IS PROPER

43.    This action was filed in the Los Angeles Superior Court.  Pursuant to 28 U.S.C. §§ 1441(a), Defendants are removing this action to the United States District Court for the Central District of California as the district "embracing the place where [the] action is pending."

44.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because this is the judicial district of the court in which the action arose and where Plaintiff resides. (*See* Complaint, ¶ 4.)

## NOTICE TO ALL PARTIES AND STATE COURT

45.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on all parties and filed with the Clerk of the Los Angeles County Superior Court. All procedural requirements for notice under 28 U.S.C. section 1446, therefore, will be followed and satisfied.

## NO ADMISSION

46.    By removing this Action to this Court, Defendants do not concede that the Summons and Complaint were properly served on them and reserve their right to challenge service by way of amotion to dismiss.

47.    Additionally, Defendants do not waive defenses, objections, or motions available to them under state or federal law, including without limitation jurisdiction, venue or failure to state a claim upon which relief can be granted.

48.    Finally, Defendants do not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor do Defendants concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive

12

CASE NO.    2:25-cv-00815                                      NOTICE OF REMOVAL OF ACTION
                                                                                              TO FEDERAL COURT

relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

## NOTICE TO COURT AND PARTIES

49.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

50.    This Notice of Removal is signed by counsel for Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED:  January 30, 2025          JACKSON LEWIS P.C.

By: */s/ Jina Lee*
          Jina Lee
          Cindy Pham

          Attorneys for Specially Appearing Defendants
          CORESIGH RESEARCH, INC., MAXWELL
          KAHN, AND DEBORAH WEINSWIG.

CASE NO.   2:25-cv-00815                          NOTICE OF REMOVAL OF ACTION
                                                          TO FEDERAL COURT

## CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NAME:**     *Goldberg, Daniel vs. Coresight Research, Inc. et al.*
**CASE NUMBER: 2:25-cv-00815**

I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

On January 30, 2025, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446** in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Angel J. Horacek                                    *Attorneys for Plaintiff*
Iryll Robbins-Umel                                  **DANIEL GOLDBERG**
LAW OFFICES OF ANGEL J. HORACEK, PC
5701 West Slauson Avenue, Suite 210
Culver City, CA 90230                               Telephone:     (310) 774-0323
                                                    Fax:           (310) 774-3945
                                                    Email:         angel@horaceklaw.com
                                                                   iryll@horaceklaw.com

**[XX] BY NOTICE OF ELECTRONIC FILING**.   The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E) and L.R. 5-4.1.

**[XX] BY MAIL.**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX] BY E-MAIL.**  I caused the document(s) described above to be sent from e-mail address katie.ellingsen@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

///
///

14

CASE NO.    2:25-cv-00815                          NOTICE OF REMOVAL OF ACTION
                                                                    TO FEDERAL COURT

**[XX]  FEDERAL.**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2025, at Irvine, California.

*/s/ Katie T. Ellingsen*
Katie T. Ellingsen

CASE NO.    2:25-cv-00815                        NOTICE OF REMOVAL OF ACTION
                                                              TO FEDERAL COURT